**In re Larry Wayne COREY, a/k/a Larry W. Corey, Marilyn J. Corey, a/k/a Marilyn Jean Corey, Debtors.**

**Bankruptcy No. 81–01092.**

United States Bankruptcy Court, S. D. Alabama.

Feb. 2, 1982.

Herbert P. Feibelman, Jr., Mobile, Ala., for the First Alabama Bank (Bank).

Herman D. Padgett, Mobile, Ala., for debtors.

## ORDER

WILL G. CAFFEY, Jr., Bankruptcy Judge.

This matter having come on for hearing upon the Rejection of Plan, Objection to Confirmation and Motion to Dismiss of First Alabama Bank of Mobile County; due notice of said hearing having been issued; and evidence having been taken;

Now, therefore, the Court finds, concludes and orders as follows:

### FINDINGS OF FACT

On January 16, 1981 the debtors herein filed an original petition under Chapter 13 of the Bankruptcy Code.

The Bank as a secured creditor holding a real estate mortgage on the debtors' house was to receive a preferential payment of $158.50 per month under the debtors' plan to apply on arrearages in excess of $2,000.00 and to receive regular payments on the mortgage outside of the plan. Although the plan was confirmed, the debtors failed to make the payments and the proceeding was dismissed on October 23, 1981.

On November 2, 1981 the Bank commenced foreclosure of the mortgage with notice to be published on November 2, 9 and 16, 1981.

On November 9, 1981 the debtors filed another petition under Chapter 13 of the Bankruptcy Code. The plan filed with this petition proposed to pay the Bank $158.50 per month to apply on arrearages and to make regular mortgage payments outside the plan.

On December 4, 1981 the Bank filed a rejection of the plan, an objection to confirmation and a motion to dismiss the proceeding.

On January 7, 1982 the debtors filed an amended plan, providing for the Bank to be paid outside the plan.

In this second petition, the debtor, Larry Wayne Corey, listed his occupation as pipefitter, employed by the Aroloff Corporation, with gross weekly wages of $670.00. However, at the hearing on January 12, 1982 the debtor testified that he had been unable to work, and had no regular salary income since December 20, 1981. He has been operating a "flea market" since about November 15, 1981; and stated that he "paid himself" about $350.00 per week.

The debtors' monthly living expenses are listed at $892.33 and they propose to make a preferential payment to GMAC, holding a security interest in their automobile, of $229.18 per month.

## CONCLUSIONS OF LAW

Although there is a substantial arrearage on the mortgage payment, the amended plan makes no provision for "catching up" these payments, providing merely that the Bank's mortgage will be paid outside of the plan.

The income from the debtors' operation of the "flea market" is not considered "regular income" within the meaning of Section 109(e) of the Bankruptcy Code; and, therefore, it does not appear that the debtors are qualified to file a Chapter 13 Petition.

But, even if the income is considered "regular", the income is insufficient to fund the debtors' plan, considering their monthly living expenses, and the payments proposed to be made to the secured creditors and to the Trustee.

It appears to the Court that the lack of regular income and the debtors' inability to fund the plan constitutes lack of good faith; and that the plan should not be confirmed. Bankruptcy Code, Section 1325.

While the filing of a Chapter 13 petition in order to stay foreclosure is not, by itself, evidence of bad faith, the failure of the debtors to make their mortgage payments, their failure to make the payments under their original petition and plan, and the filing of the second petition without providing adequate protection for the secured party all being considered together are sufficient to show unreasonable delay that is prejudicial to creditors, justifying dismissal of the present petition. Bankruptcy Code, Section 1307.

## ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the Objection to Confirmation of the First Alabama Bank of Mobile County be, and it hereby is, SUSTAINED; and it is

FURTHER ORDERED that the Motion to Dismiss the debtors' Chapter 13 case of the First Alabama Bank of Mobile County be, and it hereby is, GRANTED; and it is

FURTHER ORDERED that the Chapter 13 case of the debtors herein be, and it hereby is, DISMISSED.